Ruffin, C. J.
 

 The plaintiff is clearly entitled to the relief he seeks. Independent of the express agreement for redemption, and the right to have that executed upon the admission of it in the answer, the suppression of competition at the sale by the representations of Davis, that he was buying for the plaintiff, by means of which he purchased the land of a distressed man for $36, which was worth $400 or more, would authorize a decree for the plaintiff upon the ground of an undue advantage taken of his necessities and a fraud practiced in getting the title in that way and claiming it for his .own benefit. This has been already decided in several eases.
 
 Neely
 
 
 *398
 
 v.
 
 Torian, 1 Dev. & Bat.
 
 Eq. 410.
 
 Turner v. King, 2
 
 Ired. Eq. 132. To such cases the statute of frauds, 1819, has no application; for, besides the agreement for redemption, there is the additional circumstance of the suppression of competition at the sale, and it is a fraud to-bring that about or to take advantage of it under those circumstances. However, in the present case there can be no doubt of the agreement for redemption, as the-answer explicitly admits it. It is said, indeed, in the argument, that it was an agreement for redemption by a particular day, so as in effect to be an agreement for a conditional sale; and that it was lost for non-performance at the day. But the law is clearly otherwise.
 

 There cannot be a doubt, that Davis was to take the legal title
 
 as a security
 
 for the money advanced; so that in fact, to use the word in the answer, it was intended-,, that the plaintiff might “ redeem” the land ; and when the agreement is for redemption, it confers the right to it with all its incidents as to time and circumstances.
 

 The decree must be against the defendants Elliott and Marsh as well as Davis; for there is nothing to protect them. They were not purchasers for value and without notice. Elliott gave nothing for the land ; indeed, the conveyance was taken to him without his knowledge by Marsh, as a security for a previous debt to himself. And it was necessary to make Elliott a part}-, as it does not appear that he had conveyed to Marsh under his purchase at the sale made for the trustee. Besides, the plaintiff was living on the land at the time, and that was notice of his title, because it made it the duty of the other parties to make the enquiry of him. And that was not all, but he gave express notice of his claim, when the land was offered under the deed of trust.
 

 It must be declared, therefore, that the plaintiff is entitled to redeem upon payment of the sum advanced by Davis and the interest thereon, or the balance due therefor ; and it must be referred to the Clerk,
 
 to
 
 take the
 
 *399
 
 usual accounts, and state the balance due on either side, as upon the foot of a mortgage of the premises from the plaintiff to the defendant Davis.
 

 Per Curiam.
 

 Decreed accordingly.